UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE ARNETT,<br>          Plaintiff,<br>    v.<br>SEASIDE TRANSPORTATION SERVICES, LLC, et al.,<br>          Defendants. | Case No. 13-cv-01672-WHO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br>Re: Dkt. No. 42 |

Defendant Shanghai Zhenhua Heavy Industries Co, Ltd.'s motion to dismiss is currently set for hearing on January 15, 2014. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court GRANTS in part and DENIES in part the motion to dismiss.

## BACKGROUND

Plaintiff's husband, Mark Arnett, was crushed to death while working on a crane at Berth 37 at the Port of Oakland. Plaintiff sues the company operating the berth and crane (Seaside Transportation Services, LLC), the company who distributed/sold/leased/or rented the crane (Whitney Equipment LLC), and the company who designed and manufactured the crane (Shanghai Zhenhua Port Machinery Co, Ltd.). In her Second Amended Complaint (SAC), plaintiff asserts four causes of action against the three defendants: (1) negligence in the manufacture, design, repair, maintenance, inspection and training on the crane; (2) premises liability based on the ownership and operation of the premises and crane; (3) strict products liability based on the design, production, supply, distribution, sale and lease of the crane; and (4) products liability – negligence based on the defects in the manufacture, design and operation of the crane.

Defendant Shanghai Zhenhua Heavy Industries Co, Ltd (erroneously sued at Shanghai Zhenhua Port Machinery Co, Ltd.), referred to here as ZPMC, moves to dismiss the claims asserted against it and plaintiff opposes that motion.[1] ZPMC also moves in the alternative for a more definite statement and to strike portions of the SAC. For the reasons discussed below, the Court DENIES in part and GRANTS in part the motion to dismiss.[2]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## DISCUSSION

### I. CAUSATION

ZPMC argues that the each of the four claims asserted in the SAC must be dismissed as to

---

[1] Defendant Whitney Equipment filed a statement of non-opposition to ZPMC's motion. Docket No. 49. Defendant Seaside Transportation Services filed a notice taking no position on ZPMC's motion. Docket No. 50. Both of these defendants have answered the SAC.

[2] Plaintiff does not oppose ZPMC's motion to dismiss the second cause of action – premises liability –as long as that claim is dismissed as to ZPMC without prejudice. Opposition Br. at 13-14. The Court, therefore, DISMISSES the second cause of action for premises liability against ZPMC WITHOUT PREJUDICE.

it because no facts have been alleged showing how the alleged defects in the crane *caused* plaintiff's husband to be crushed to death. Under California law "[a] product liability case must be based on substantial evidence establishing both the defect and causation (a substantial probability that the design defect, and not something else, caused the plaintiff's injury). . . ." *Stephen v. Ford Motor Co.*, 134 Cal. App. 4th 1363, 1373 (2005). In the absence of facts showing causation, ZMPC argues, the claims must be dismissed.

Plaintiff admits that she is unable to allege more specific facts regarding exactly how her husband died, given the lack of discovery and the fact that the percipient witness is represented by counsel. Opposition Br. at 7. That situation, however, does not mean that plaintiff has failed to adequately allege causation. Plaintiff alleges specific defects exist with the crane in the design of the rail and trolley system (inadequate and unsafe access and guarding, *see* SAC ¶¶ 21, 22, 48, 49, 62, 63) and in the manufacture of the trolley and rail system (the wheels on the trolley system routinely came off the rails, requiring dangerous repair work to be performed, *see* SAC ¶¶ 47, 64). She states that ZMPC failed to fix the design defects by removing, redesigning or obviating the hazards. *Id.* ¶ 25. She asserts that ZPMC is negligently or strictly liable for these defects, and as a direct or proximate cause of them, plaintiff's husband was killed while performing maintenance work. SAC ¶¶ 25, 39, 54, 72.

There is nothing implausible in plaintiff's facts – or in the materials that the Court may take judicial notice of in ruling on this motion to dismiss – that undermines plaintiff's assertion that the defects identified caused the death of her husband.[3] Under the circumstances, it is understandable that she cannot plead additional facts regarding causation at this time. Making all reasonable inferences in plaintiff's favor, plaintiff's allegations meet the "facial plausibility" standard required. *Ashcroft v. Iqbal*, 556 U.S. at 678.

---

[3] ZPMC asks the Court to take judicial notice of the OSHA report from the accident. *See* Reply Br. at 2, fn.3. The Court agrees that it may take judicial notice of the fact of the OSHA investigation and the OSHA report, but the Court may not take judicial notice of the disputed facts contained in the OSHA report. *See, e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (court erred when it "took judicial notice of disputed facts stated in public records").

## II. STRICT LIABILITY

ZPMC moves to dismiss plaintiff's strict liability claim arguing that plaintiff fails, with respect to her design-defect allegation, to allege facts showing how the decedent was using the crane and that such use was foreseeable. Motion at 10.[4] ZPMC also argues that the claim fails, with respect to the manufacturing defect allegation, because plaintiff never alleges how the crane differed from ZPMC's designs or specifications or from other typical units of the same product line. *Id*.[5]

ZPMC's argument is not well-taken. Plaintiff expressly alleges that the decedent was using the crane in the manner intended by ZPMC, to perform repair and maintenance work. SAC ¶¶ 16, 53. As to the manufacturing defect, plaintiff alleges that the wheels on the crane did not run properly or correctly. *See, e.g., id*. ¶ 47. The Court finds that these allegations, in conjunction with plaintiff's specific identification of the problems with the crane's design and manufacture, are sufficient to state a claim for strict liability.

## III. NEGLIGENCE CLAIMS

Plaintiff alleges two negligence-based causes of action. The First Cause of Action ("Negligence") is based on assertions that ZPMC negligently manufactured and designed and failed to alter, repair, and maintain the crane, negligently inspected the crane and negligently trained others in the inspection, maintenance and repair of the crane. SAC ¶ 18. Plaintiff asserts that the crane was defective in its design, and "defendants" negligently failed to repair or remove the defects. *Id*. ¶¶ 21-22, 25-29.

The second negligence-based cause of action is the Fourth Cause of Action ("Products

---

[4] Under the reasonable consumer expectations test, "a product is defective in design if the plaintiff proves that the product failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner." *Perez v. VAS S.p.A*., 188 Cal. App. 4th 658, 676 (2010). Under the risk-benefit test, "a product is defective in design if the plaintiff proves that the product's design proximately caused injury and the defendant fails to prove, in light of the relevant factors, that on balance the benefits of the challenged design outweigh the risk of danger inherent in such design." *Id*.

[5] The essential factual elements of a strict liability manufacturing defect case are that: (1) defendant manufactured/distributed/sold the; (2) the product contained a manufacturing defect when it left defendant's possession; (3) plaintiff was harmed; and (4) the product's defect was a substantial factor in causing plaintiff's harm. CACI No. 1201. "A product contains a manufacturing defect if the product differs from the manufacturer's design or specifications or from other typical units of the same product line." CACI No. 1202.

4

1  Liability-Negligence"). The Fourth Cause of Action is based on assertions that: (1) the crane was
2  not designed to allow safe access for repair and maintenance (through platforms, catwalks, etc.),
3  and did not have a guard against unexpected movement of the trolley system, SAC ¶¶ 61-64, 65-
4  66; (2) the crane was defective because the trolley and rail system consistently malfunctioned
5  requiring ongoing inspection and repair to correct the defects, *id*. ¶ 64;and (3) "defendants" were
6  responsible for and negligent in not conducting a retrofit and/or recall campaign to remedy the
7  defects. *Id*. ¶ 74.

8  ZPMC contends that these two negligence claims contain duplicative and unnecessarily
9  repeated allegations which are, in any event, subsumed by the strict products liability cause of
10 action. ZPMC argues that the negligence claims should be dismissed because where "liability
11 depends on the proof of a design defect, no practical difference exists between negligence and
12 strict liability; the claims merge." *Lambert v. Gen. Motors*, 67 Cal. App. 4th 1179, 1185 (1998).

13 In Opposition, plaintiff does not address the fact that there is substantial duplication
14 between the two negligence claims. As to the overlap between strict product liability and
15 negligent product liability, plaintiff simply argues without support that the determination of
16 whether the negligence claims depends solely on allegations of defective design (and is therefore
17 subsumed by the strict liability claim) is premature at the pleading stage. Opposition Br. at 16.

18 Plaintiff also clarifies in her Opposition that she intends to state a negligence claim that has
19 nothing to do with negligent design – namely a claim that ZPMC failed to adequately inspect the
20 crane to recognize the defects and failed to train others to inspect, maintain and repair the crane
21 thereby creating the hazard. Opposition Br. at 16; SAC ¶ 18. The Court finds that a failure to
22 inspect/train claim could, if properly alleged, support a stand-alone negligence claim. However,
23 that claim is not clearly alleged against ZPMC in the SAC.

24 Plaintiff also argues in her Opposition that she intends to assert a claim that ZPMC was
25 negligent in failing to recall or retrofit the crane because of the defects. Opposition Br. at 14-15.[6]

---

[6] The elements of a negligence claim for failure to recall/retrofit are: (1) defendant manufactured/distributed/sold the product; (2) defendant knew or reasonably should have known that the product was dangerous when used in a reasonably foreseeable manner; (3) defendant became aware of this defect after the product was sold; (4) defendant failed to recall/retrofit; (5)

United States District Court
Northern District of California

As with the failure to inspect/train claim, a failure to recall or retrofit could support a negligence cause of action. However, that claim is likewise not clearly made against ZPMC in the SAC. Nor has plaintiff pled all of the necessary elements to support that claim, *e.g.*, there is no allegation that a reasonable manufacturer would have recalled/retrofitted the crane under the same or similar circumstances that ZPMC faced.

Therefore, the First and Fourth Negligence causes of action are DISMISSED. Plaintiff is given leave to amend to state one amended negligence claim asserting ZPMC's failure to inspect/train and failure to recall/retrofit. In the Third Amended Complaint, plaintiff shall not only make clear which allegations support the negligence claim against ZPMC, but also clarify the specific allegations that support the negligence claim against the other two defendants if she intends to allege a negligence claim against the other defendants. As ZPMC points out, the current complaint does not clearly identify the conduct of each defendant that would support the various theories of negligence plaintiff is attempting to plead.

## IV. WARRANTY

ZPMC moves to dismiss any claim plaintiff makes based on warranty and/or strike the references to "warranty" in the complaint as immaterial and impertinent. Motion at 13-14, 16; SAC ¶¶ 50, 67.[7] In her Opposition, plaintiff clarifies that she is not attempting to state an express or implied warranty cause of action, and only mentions the warranty as evidence of the duties ZPMC had with respect to the crane. Opposition Br. at 16-17. The Court finds that plaintiff's reference to the "warranty" is not immaterial or impertinent, as it could relate to the duties ZPMC had to plaintiff (or the other defendants). The motion to strike references to warranty is DENIED.

---

that a reasonable manufacturer/distributor/seller under the same or similar circumstances would have recalled/retrofitted the product; (6) plaintiff was harmed; (7) and (7) defendant's failure to recall/retrofit was a substantial factor in causing plaintiff's harm. CACI No. 1223.

[7] Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. Civ. P. 12(f). The function of a motion to strike under Rule 12(f) is to avoid the expenditure of time and money that must arise from litigating immaterial and impertinent issues by dispensing of those issues before trial. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (citation omitted).

## V. MOTION FOR MORE DEFINITE STATEMENT

ZPMC also moves for a more definite statement arguing that various allegations against ZPMC are contradictory and that it is unable to adequately respond to those allegations without risking prejudice. Motion at 14-15 (relying on SAC ¶ 13 alleging that ZPMC "designed, manufactured, *sold, leased*, distributed and supplied [the crane]," emphasis added).[8] The Court finds that while some of the allegations could be considered contradictory, they can also be considered as plead in the alternative. More importantly, despite the ambiguity in the allegations, ZPMC will be able in its answer to clearly admit or deny the allegations and therefore remove any ambiguity.

ZPMC also argues that the complaint's conclusory allegations that defendants acted jointly lacks sufficient factual support and, relatedly, plaintiff's definition of the term "defendants" in paragraph 7 is unclear and imports ambiguity into the complaint over which allegations apply to which defendants. Motion at 15-16. The Court, as discussed above, has found that plaintiff's indeterminate and inconsistent use of "defendants" created ambiguity with respect to the negligence causes of action. Specifically, plaintiff failed to clearly allege what conduct of each defendant was the basis for her different theories of negligence. However, the Court has granted plaintiff leave to amend her negligence allegations and directed her to make it clear what conduct each defendant has allegedly engaged in that supports each of the theories underlying her negligence cause of action. In her Third Amended Complaint plaintiff shall clarify the definition of "defendant" in paragraph 7 and shall throughout the complaint make clear the basis of each claim against each defendant.

## VI. MOTION TO STRIKE

Finally, in addition to moving to strike references to warranty from the SAC (discussed above), ZPMC also moves to strike the redundant defect allegations from the SAC that plaintiff

---

[8] Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e) motions should be granted only on those "rare occasions" when a complaint is so vague or so ambiguous that a party has insufficient information to prepare its response. *See, e.g., Bautista v. Los Angeles Cnty*., 216 F.3d 837, 843 fn 1. (9th Cir. 2000).

7

repeats in each of her causes of action. *See* SAC ¶¶ 21, 48, 62 and 65; ¶¶ 22, 49, 63, 66; ¶¶ 40, 47, 64; and ¶¶ 46, 61. The Court DENIES the motion to strike. While the allegations appear to be redundant, their presence in the complaint does not add complexity to this action and will not require ZPMC to incur additional time or money to defend this action.

## CONCLUSION

For the foregoing reasons, ZPMC's motion is DENIED in part and GRANTED in part. Plaintiff's Third Amended Complaint shall be filed **within twenty (20) days** of the date of this Order.

**IT IS SO ORDERED**.

Dated: January 13, 2014

_____
WILLIAM H. ORRICK
United States District Judge