UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE ARNETT,<br><br>    Plaintiff,<br><br>    v.<br><br>SEASIDE TRANSPORTATION SERVICES, LLC, et al.,<br><br>    Defendants. | Case No. 13-cv-01672-VC<br><br>**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT; REQUESTING BRIEFING ON POTENTIAL CONFLICT OF INTEREST**<br><br>Re: Dkt. Nos. 98, 103, 109 |

       The motion for summary judgment filed by Seaside Transportation Services is unopposed and is therefore granted. The portion of the motion for summary judgment filed by Whitney Equipment that the plaintiff does not oppose (relating to the negligence and premises liability claims) is granted.

       The remainder of the motion by Whitney Equipment and the motion for summary judgment filed by Shanghai Zhenhua are denied. Each of their arguments depends on the premise that no reasonable jury could find Mr. Arnett's unsafe conduct reasonably foreseeable, because nobody could foresee that a crane mechanic would examine the front wheels from an unsafe location while a crane was moving.[1] But there is a genuine issue of fact on this question. The defendants provided a product that had ongoing wheel alignment problems. A manual that came with the product strongly implies that mechanics should inspect wheel alignment while the crane is moving and that they should do so every day. Doc. No. 112-4 at 13. But all parties agree that the crane did not provide a safe platform from which a mechanic could examine the front wheel

---

[1] Whitney Equipment has made some additional arguments for the first time in its reply brief, but the Court declines to consider those.

alignment while the crane was moving. Therefore, a jury could find it reasonably foreseeable that a mechanic would inspect the front wheel alignment in an unsafe manner while the crane was moving, and there is evidence that this is what Arnett did. Indeed, such conduct was at least as foreseeable as the conduct considered in *Bates v. John Deere Co.*, 195 Cal. Rptr. 637 (Cal. Ct. App. 1983), and *Akers v. Kelley Co.*, 219 Cal. Rptr. 513 (Cal. Ct. App. 1985), disapproved on another ground in *People v. Nesler*, 66 Cal. Rptr. 2d 454 (Cal. 1997). Nor have the defendants presented enough evidence for a court to conclude as a matter of law that the product was not defective. *See Perez v. VAS S.p.A.*, 115 Cal. Rptr. 3d 590, 605-606 (Cal. Ct. App. 2010).

With their other pretrial filings required by the Court's standing order, the parties should submit briefs on the question whether a potential or actual conflict of interest should have prevented Shanghai Zhenhua's lawyers from representing the mechanics whose depositions were taken in this case or who were otherwise involved in the case. The plaintiff should file her brief on this topic one week before the pretrial materials are due, and the defendants should file their briefs on the day the pretrial materials are due.

In addition, the defendants shall be limited to seven motions in limine in total.

**IT IS SO ORDERED.**

Dated: June 3, 2015

_____
VINCE CHHABRIA
United States District Judge